**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH**

| | | |
|---|---|---|
| SHAQUILLE DUGAN, | ) | |
| | ) | |
| | ) | 2:23-CV-01637-CRE |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PA D.O.C., GEORGE LITTLE, | ) | |
| SECRETARY OF CORRECTIONS;  SCI | ) | |
| GREENE, SUPERINTENDANT MICHAEL | ) | |
| ZAKEN,  S. BUZAS, DEPUTY FACILITY | ) | |
| MANAGEMENT; MAJOR M. | ) | |
| MALANOSKI, UNIT MANAGER JASON | ) | |
| DICK, SHIELD # SRG. JAY CARTER, | ) | |
| MCCRACKEN, SHIELD # LT. 6 TO 7 | ) | |
| RHO; MEDICAL DIRECTOR ROSS | ) | |
| MILLER SMITH, M. ANDREETTI, | ) | |
| SUPERINTENDANT'S ASSISTANT; | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff's application for leave to proceed *in forma pauperis* was granted on October 17, 2023. (ECF No. 9). Pending before the Court is Plaintiff's motion to appoint counsel. (ECF No. 11).

"Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)). District courts have "broad discretion to determine whether appointment of counsel in a civil case would be appropriate." *Id*. First, the district court should determine whether the case has some arguable merit. If there is arguable merit, then the court should consider a range of factors, including:

1

1. the plaintiff's ability to present his or her own case; 2. the difficulty of the particular legal issues; 3. the degree of which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4. the plaintiff's capacity to retain counsel on his or her own behalf; 5. the extent to which a case is likely to turn on credibility determinations; and 6. whether the case will require testimony from expert witnesses.

*Id*. (quoting *Montgomery*, 294 F.3d at 499). *See also Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994).

Plaintiff's initial filing fee was fulfilled on March 1, 2024. (ECF No. 14). And all Defendants are unserved. Plaintiff's motion to appoint counsel also asks this Court to transfer him from where he is confined to somewhere else unidentified. (ECF No. 11). His request for facility transfers solely relates to his conditions of confinement complaints within his operative complaint at (ECF No. 10). For all the same reasons, the Court has not had the opportunity to fully review Plaintiff's claims, and it is not yet clear whether the case has any merit, either in fact or in law.

As a pro se litigant, Plaintiff has the benefit of *Haines v. Kerner*, 404 U.S. 519, (1972) and its progeny, which provides that courts must liberally construe pro se pleadings. Considering the severe shortage of attorneys with experience and knowledge in this area of the law, who are also willing to take these cases pro bono, it does not appear that this case merits a request by this Court for counsel to represent Plaintiff under 28 U.S.C. § 1915(e) at this point in the litigation. This Court also notes that Local Civil Rule 10.C explains that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." *See also Parkell*, 833 F.3d at 340 (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984) ("Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of special circumstances . . . .' ").

Aside from all the circumstances of every incarcerated litigant, Plaintiff sets forth no special circumstances that warrant granting counsel right now. Should the case survive any dispositive motions and appear ready to proceed to trial, the Court will reconsider this request. Accordingly, Plaintiff's motion to appoint counsel under 28 U.S.C. § 1915(e) will be denied.

**AND NOW**, this 13th day of March, 2024,

**IT IS HEREBY ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 11) is DENIED without prejudice.

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: **SHAQUILLE DUGAN**
NF5650
SCI FAYETTE
50 Overlook Drive
LaBelle, PA 15450