IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAQUILLE DUGAN, | ) |
| | ) |
| Plaintiff, | ) No. 2:23-cv-01637-RJC-CBB |
| | ) |
| vs. | ) |
| | ) District Judge Robert J. Colville |
| SCI GREENE; SUPERINTENDANT MICHAEL ZAKEN; S. BUZAS, Deputy Facility Management; MAJOR M. MALANOSKI; UNIT MANAGER JASON DICK; SHIELD # SRG. JAY CARTER; MACCRACKEN, Shield # LT. 6 TO 7 RHO, | ) Magistrate Judge Christopher B. Brown |
| | ) |
| Defendants. | ) |

## ORDER OF COURT

Currently pending before the Court is the Report and Recommendation (ECF No. 62) filed by the Honorable Christopher B. Brown in the above-captioned matter. Judge Brown's May 7, 2025 Report and Recommendation recommends that the Court deny Plaintiff's Motions for Emergency Injunctive Relief (ECF Nos. 48, 51). Objections to the Report and Recommendation were due by May 27, 2025. No objections were filed. However, Plaintiff filed a Motion to Amend his Motion for Emergency Injunctive Relief. ECF No. 66. The Court considers this matter to be ripe for disposition.

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to

1

determine whether any part of the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law. *Id*. "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as

'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Before addressing the underlying Report and Recommendation, the Court will address Plaintiff's Motion to Amend. As background, Plaintiff's Motions for Emergency Injunctive Relief seek injunctive relief against SCI-Benner staff concerning incidents that took place at SCI-Benner. In the Report and Recommendation, Judge Brown found that the Court lacked jurisdiction to issue any injunctive relief in this matter given that SCI-Benner and SCI-Benner staff are not a party to this lawsuit. In his Motion to Amend, Plaintiff states that "he requests that it be removed from said case and directed to a case [I] will file when grievances [sic] is exhausted against SCI-Benner township." *Id.* at 1. The Court believes that Plaintiff is referring to his Motions for Emergency Injunctive Relief when he uses the word "it" and is potentially requesting to withdraw his Motions so that he may refile them should a lawsuit be initiated against SCI-Benner. Plaintiff includes as an attachment to his Motion to Amend a third Motion for Emergency Injunctive Relief. *See Id.* Ex. 1. This third Motion contains the case number for the instant action but the caption lists SCI Benner Township as a defendant. Therefore, it is unclear to the Court whether Plaintiff has filed this third Motion for Emergency Injunctive Relief so that the Court may rule on it or so that it may be "directed to" a potentially new case he is planning to file against SCI-Benner.

As such, upon reasoned consideration of Judge Brown's Report and Recommendation, as well as consideration of Plaintiff's Motions for Emergency Injunctive Relief and Plaintiff's Motion to Amend, and following review of all relevant docket entries, it is hereby ORDERED as follows:

The Court agrees with Judge Brown's findings that, because Plaintiff's Motions for Emergency Injunctive Relief seek an injunction against staff at SCI-Benner concerning incidents that took place at SCI-Benner, this Court does not have jurisdiction to issue such injunctive relief.

As such, the Court agrees with the thorough and well-reasoned analysis set forth in Judge Brown's Report and Recommendation, and the Court accepts and adopts Judge Brown's Report and Recommendation in its entirety as the opinion of the Court with respect to Plaintiff's Motions for Emergency Injunctive Relief.

To the extent Plaintiff is attempting to file a third Motion for Emergency Injunctive Relief, *see* ECF No. 66 Ex. 1, such Motion is denied for the reasons stated in the Report and Recommendation.

However, to the extent Plaintiff is seeking to withdraw his Motions for Emergency Injunctive Relief so that they may be filed in another case, the Court makes clear that by adopting the Report and Recommendation, the Court is only ruling that it lacks jurisdiction to issue the requested injunctive relief in this matter. Plaintiff is free to refile his Motions in another case so that they may be appropriately considered in that matter. Additionally, it is Plaintiff's responsibility to file his documents and the Court will not direct that his Motions for Emergency Injunctive Relief be filed in any other action.

Therefore, it is hereby ORDERED that:

- Plaintiff's Motions for Emergency Injunctive Relief (ECF Nos. 48, 51) are DENIED.

- Plaintiff's Motion to Amend his Motion for Emergency Injunctive Relief is DENIED. To the extent Plaintiff is attempting to amend his previously filed Motions with a third Motion for Emergency Injunctive Relief, such request is denied for the reasons stated in the Report and Recommendation. To the extent Plaintiff is seeking to withdraw his Motions so that they may be filed in a separate action, Plaintiff is responsible for filing his own documents.

- The May 7, 2025 Report and Recommendation is approved and adopted in its entirety as the opinion of the Court.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: July 3, 2025

cc: Shaquille Dugan
    NF5650
    SCI Benner Township
    301 Institution Drive
    Bellefonte, PA 16823

    All counsel of record

    Judge Christopher B. Brown
    U.S. Magistrate Judge